

# In the Court of Criminal Appeals of Texas

No. PD-0027-21

THE STATE OF TEXAS

v.

JOHN WESLEY BALDWIN, Appellee

On State's Petition for Discretionary Review
From the Fourteenth Court of Appeals
Harris County

YEARY, J., filed dissenting opinion.

"Boilerplate" is not a dirty word. In the legal context, it usually refers to standardized language that is frequently pre-printed on a contract or other legal document for the sake of convenience, since it will

be applicable far more often than not.[1] The Court points to nothing in the warrant affidavit in this case that appears to have been pre-printed, and it seems to use the descriptor "boilerplate" interchangeably with "generic." So, I take it that the Court only means to communicate that the language it says is "boilerplate" has general application; and that, because of that very generality, such language is insufficient, on its own, to supply the degree of particularity required to satisfy probable cause.

Unlike the Court, and for the same reasons expressed in Presiding Judge Keller's dissent, I am persuaded that the affidavit furnished by the officer in this case expressed at least probable cause to believe that evidence of the crime would be found by examining the entire contents of the phone. But even if I did not join the Presiding Judge in that view, I would be troubled by the Court's willingness to approve the trial court's seemingly wholesale exclusion of all evidence that might be, or have been, gathered from the phone without first considering whether the facts stated in the affidavit were sufficient to search at least certain unique applications on the phone that would certainly lead to actionable evidence. Foremost among these unique applications would be the one that would identify the name of the phone service provider.

The affidavit of the officer explained,

> based on your Affiant's training and experience, Affiant knows from other cases he has investigated and from training and experiences that searching a suspect's phone will allow law enforcement officers to learn the cellular telephone number and service provider for the device.

---

[1] *See, e.g.*, BLACK'S LAW DICTIONARY 216 (11th ed. 2019) ("**1.** Ready-made or all-purpose language that will fit in a variety of documents.").

> Affiant knows that law enforcement officers can then obtain a subsequent search warrant from the cellular telephone provider to obtain any and all cell site data records, including any and all available geo-location information for the dates of an offense, which may show the approximate location of a suspect at or near the time of an offense.

Majority Opinion at 6. There is no question that evidence developed in this case established probable cause to arrest Appellee for the charged offense. The affidavit for search also confirmed that the phone at issue was found with Appellee at the time of his detention and that he admitted being connected to the phone by informing officers of the phone number attached to it at the same time. Majority Opinion at 5. A search of the cell phone for the identity of the service provider could therefore—according to a combination of facts developed in the investigation and other facts more generally known to the applicant officer (all of which were stated in the affidavit)—lead to the development of facts that would demonstrate Appellee's location at the time that the crime occurred as well as on the day before, when neighbors of the victim saw a suspicious vehicle "casing" the neighborhood. Other applications likely to be on the phone also would similarly probably contain information that might show Appellee's location at those times.

The Court all but ignores the actual grounds we granted review to consider: "(1) Did the court of appeals depart from the proper standard of review by substituting its own judgment for that of the magistrate who viewed the warrant affidavit and found probable cause?"; and "(2) Did the court of appeals employ a heightened standard for probable cause, departing from the flexible standard required by law?" Although

the Court's opinion gives a modicum of pen-service to the standard of review applied by the court of appeals, the Court's opinion seems to fall into the same error that the State has argued was made by the court of appeals.

Instead of answering the grounds that this Court granted review to assay, concerning whether the court of appeals properly applied the appropriate standard of review to the issue before it, the Court instead makes up a new ground upon which to base its own independent determination: "Is generic, boilerplate language about cell phone use among criminals sufficient to establish probable cause to search a cell phone?" And then, as if answering the actual ground we granted for review, the Court answers its own question: "We hold it is not." Majority Opinion at 21.

The Court's opinion also announces what, in my opinion, is an overly categorical rule that focuses too acutely on whether a warrant relies on so-called boilerplate language. In doing so, the Court fails to exhibit the great deference that is owed under the Fourth Amendment to the magistrate who issued the warrant in the first place. *See Jones v. State*, 364 S.W.3d 854, 857 (Tex. Crim. App. 2012) (observing that a reviewing court should afford "great deference" to the magistrate's probable cause judgment respecting probable cause, and that the magistrate's view should prevail in "marginal cases"); *Massachusetts v. Upton*, 466 U.S. 727, 733 (1984) ("A deferential standard of review is appropriate to further the Fourth Amendment's strong preference for searches conducted pursuant to a warrant."). And it fails to acknowledge that, at least with regard to certain information and applications that

will likely be found within the phone, the affidavit supplies more than sufficient probable cause to justify the magistrate's issuance of the warrant.

The Court could have expressed an opinion that was narrower—one that merely contended that perhaps the court of appeals should have focused on the fact that the general nature of the warrant's search authority was too broad given the limited information contained in the warrant. I would not have joined that opinion either, but it would have been preferable to the opinion that the Court issues today. I believe that the Court's opinion in this case will serve only to significantly inhibit otherwise perfectly constitutional future investigative activities by law enforcement. Neither the law nor the people will be served by this decision, but criminals and their enterprises will benefit.

With these brief further comments, I join the Presiding Judge's dissent.

**FILED:**                    May 11, 2022
**PUBLISH**